## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| **RITA MILLER**<br>**Plaintiff,**<br><br>vs.<br><br>**BARRY S. MARAM, in his official**<br>**capacity as Director of the Illinois**<br>**Department of Healthcare and**<br>**Family Services, and**<br>**CAROL L. ADAMS, in her official**<br>**capacity as Secretary of the Illinois**<br>**Department of Human Services;**<br><br><br>**Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Civil Action No. 08 C 50162**<br><br>**Judge Reinhard**<br><br>**Magistrate Judge Mahoney** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

**NOW COMES** Steven C. Perlis, Elder Law Office of Steven C. Perlis and

Associates, P.C., Attorney for Plaintiff, Rita Miller, and respectfully states:

### INTRODUCTION

1.      Rita Miller, (hereinafter "Ms. Miller"), is currently an inpatient resident at

Hearthstone Manor located at 920 N. Seminary Avenue, Woodstock, McHenry County, Illinois

60098 (hereinafter "the nursing home").

2.      She is the owner of a home located at 5410 Wilmot Road in McHenry County,

Illinois 60050 (hereinafter "Ms. Miller's home").

3.      Ms. Miller is bringing this action against Barry S. Maram (hereinafter "Maram"),

in his official capacity as Director of the Illinois Department of Healthcare and Family Services

(hereinafter "HFS"), and Carol L. Adams (hereinafter "Adams"), in her official capacity as

Secretary of the Illinois Department of Human Services (hereinafter "DHS").

1

4.      HFS sent a Notification of Intent to File a Lien (hereinafter "HFS notice") and has recorded a lien (hereinafter "lien") against the title to Ms. Miller's home.

5.      Ms. Miller brings this action for a declaration by this Court that HFS' notice and lien recorded against her home's title are invalid, and for other relief.

6.      No proceeding on this issue is pending before the McHenry County Circuit Court or in any other court or administrative agency.

## JURISDICTION

7.      This Court has jurisdiction of this action under 28 U.S.C. §1331.  This action arises under the federal Medicaid statute (42 U.S.C. §1396p), and under the Fourteenth Amendment of the United States Constitution.

## VENUE

8.      Defendants Maram and Adams have offices and do business in Woodstock, McHenry County, Illinois, and elsewhere throughout the State of Illinois, and therefore venue in this judicial district is proper under 28 U.S.C. §§1391(b) (1) and 1391(b) (2).

## THE PARTIES

9.      Ms. Miller owns the aforementioned residence located at 5410 Wilmot Road in McHenry, McHenry County, Illinois 60050.

10.      Defendant Maram is acting in his official capacity as Director of HFS, which has one of its principal offices in Woodstock, McHenry County, Illinois.  This office is located within the Northern District of Illinois Western Division.  His agency, HFS, is responsible, among other things, for management of the Medicaid program once eligibility has been determined.

11.      Defendant Adams is acting in her official capacity as Secretary of DHS, which

2

has one of its principal offices in Woodstock, McHenry County, Illinois. This office is located

within the Northern District of Illinois Western Division. Her agency, DHS, is responsible,

among other things, for making determinations of eligibility for the Medicaid program, as well as

for conducting appeals of Medicaid decisions throughout Illinois.

## FACTS

12.    Ms. Miller is a recipient of Medicaid under HFS Case Number 91-071-015072.

13.    Ms. Miller has been a resident of Hearthstone Manor, 920 N. Seminary Avenue,

Woodstock, McHenry County, Illinois, since October of 2007.

14.    Ms. Miller is the owner of a home located at 5410 Wilmot Road in McHenry,

McHenry County, Illinois.

15.    Her home, of which she now has sole title, is currently listed for sale.

16.    A copy of the Warranty Deed conveying the property to Ms. Miller and her late

husband, Leroy Miller (date of death March 30, 2006), in joint tenancy with right of

survivorship, is attached hereto as Plaintiff's Complaint Exhibit 1 and is incorporated herein by

reference.

17.    On June 6, 2008, the HFS Bureau of Collections Technical Recovery Section sent

to Ms. Miller a "Notification of Intent to File a Lien" (hereinafter "HFS Notice").

18.    The HFS Notice is attached hereto as Plaintiff's Complaint Exhibit 2 and is

incorporated herein by reference.

19.    The HFS Notice states, in part, that under 305 ILCS §§ 5/3-10 and/or §5/5-13.5,

HFS has the **right** (emphasis added) to place a lien on Ms. Miller's home.

3

20.     The HFS notice also states, "…Because you have lived in a medical institution for at least 120 days, we presume you cannot reasonably be expected to be discharged and return home. Consequently, we intend to file a lien against your real property."

21.     On June 25, 2008, HFS sent a "Notification of Lien" along with a "Notice and Claim of Lien".

22.     The Notification of Lien states, "We are writing to advise you that under State Law (305 ILCS 5/3-10 and/or 5/5-13.5), Healthcare and Family Services **must** (emphasis added) place a lien on real property when…a person receives old age, blind, or disability medical assistance and has lived in one or more medical institutions for at least 120 calendar days."

23.     The lien was recorded with the Recorder of Deeds in McHenry County, Illinois, on June 19, 2008.

24.     The "Notification of Lien" and "Notice and Claim of Lien" (the "lien") are attached hereto as Plaintiff's Complaint Exhibit 3 and are incorporated herein by reference.

## STATUTORY AND REGULATORY BACKGROUND

25.     Illinois Public Aid Code § 3-10 (305 ILCS 5/3-10) provides, among other things, that HFS may impose a lien on the legal or equitable interests of recipients in real property.

26.     A copy of Section 3-10 of the Public Aid Code is attached hereto as Plaintiff's Complaint Exhibit 4 and is incorporated herein by reference.

27.     Illinois Public Aid Code § 5-13.5 (305 ILCS 5/5-13.5) also provides that HFS may impose a lien on the legal or equitable interest of a recipient in real property.

28.     Section 13.5 states, in part, as follows:

"Sec. 5-13.5. Lien on real property interests. The State shall have a lien on all legal and equitable interests of recipients in real property, whether vested or contingent, including legal and equitable rights and interests of the recipient to coal, gas, oil, iron, and other underground mineral resources, for medical assistance paid under this Article

4

and for payments made to preserve the lien, **to the extent those liens are allowed under the federal Social Security Act.** (emphasis added)…"

29.    A copy of Section 5-13.5 of the Public Aid Code is attached hereto as Plaintiff's Complaint Exhibit 5 and is incorporated herein by reference.

30.    89 Illinois Administrative Code 102.235(e) states, in part, as follows:

"The Department shall provide the recipient with at least 10 calendar days advance notice of its intention to file a lien on the recipient's real property, based on its determination that the recipient is permanently institutionalized and of the recipient's right to request and obtain a fair hearing on this determination".

31.    A copy of 89 Illinois Administrative Code Section 102.235 is attached hereto as Plaintiff's Complaint Exhibit 6 and is incorporated herein by reference.

32.    DHS policy dictates how these above provisions are to be implemented in local HFS offices. DHS is responsible for writing and maintaining a Policy Manual[1] to be followed by caseworkers and other personnel working within the Illinois Medicaid program. A copy of WAG (Workers' Action Guide) 23-09-01-d: Filing and Renewing Lien, is attached hereto as Plaintiff's Complaint Exhibit 7 and is incorporated herein by reference.

33.    42 U.S.C. § 1396p(a)(1) provides, in part, that prior to the death of an individual who is an inpatient in a nursing home, a lien may be imposed on the real property of that individual, on account of Medicaid paid or to be paid on the individual's behalf, only after the State determines, "after notice and opportunity for a hearing (in accordance with procedures established by the State), that *[sic]* cannot reasonably be expected to be discharged from the [*sic*] and to return home…." 42 U.S.C. § 1396p(a)(1)(B)(ii).

34.    A copy of Section 1396p(a) of the Social Security Act is attached hereto as Plaintiff's Complaint Exhibit 8 and is incorporated herein by reference.

---

[1] Available online at http://www.dhs.state.il.us/page.aspx?item=13473 and Worker's Action Guide available online at http://www.dhs.state.il.us/page.aspx?item=13474.

35.     42 C.F.R. § 433.36(d) states, in part, that the State Plan must specify the process

by which it will determine that an institutionalized individual cannot reasonably be expected to

be discharged from the medical institution.

36.     A copy of 42 C.F.R § 433.36 is attached hereto as Plaintiff's Complaint Exhibit 9

and is incorporated herein by reference.

37.     A portion of the actual text of 42 C.F.R. § 433.36(d) states the following:

>   "(d) Procedures. The State plan must specify the process by which the State will
>   determine that an institutionalized individual cannot reasonably be expected to be
>   discharged from the medical institution and return home as provided in paragraph
>   (g)(2)(ii) of this section. The description of the process must include the type of notice
>   to be given the individual, the process by which the individual will be given the
>   opportunity for a hearing, the hearing procedures, and by whom and on what basis the
>   determination that the individual cannot reasonably be expected to be discharged from
>   the institution will be made. The notice to the individual must explain what is meant
>   by the term lien, and that imposing a lien does not mean that the individual will lose
>   ownership of the home".

38.     42 C.F.R. § 433.36(g)(2)(ii) states, in part, that HFS may impose a lien only if:

>   "The [Medicaid] agency determines that he or she cannot reasonably be expected to be
>   discharged and return home. The agency must notify the individual of its intention to
>   make that determination and provide an opportunity for a hearing in accordance with
>   State established procedures **before the determination is made** (emphasis added).
>   This notice to an individual must include an explanation of liens and the effect on an
>   individual's ownership of property."

39.     The DHS notice only provided Ms. Miller with a general notification, on the

reverse side of the HFS notice attached hereto as Plaintiff's Complaint Exhibit 2, that states the

following:

"YOU HAVE THE RIGHT TO APPEAL THIS DECISION

At any time within 60 days following the "Date of Notice" which appears on the front of
this form, you have the right to appeal this decision and be given a fair hearing…..".

**COUNT ONE**
**(against Defendant Maram in his capacity as Director of the**
**Illinois Department of Human Services)**

40.    HFS, through its local office and Technical Recovery Office, failed or refused to

follow the federal statute and code of federal regulations sections[2].

41.    The aforementioned sections of Illinois statute and regulations[3] are in

irreconcilable conflict with the aforementioned provisions of federal law and regulation[4], and

consequently the pertinent federal statute and regulations preempt the pertinent state statute and

regulations.

**COUNT TWO**
**(against Defendant Adams in her official capacity as Director of the**
**Illinois Department of Human Services)**

42.    Ms. Miller repeats and realleges each and every allegation set for forth in

Paragraphs 1 through 41 as though fully set forth herein.

43.    Ms. Miller further alleges that Defendant Adams is a necessary party to this

Complaint in that any ruling against HFS' actions or inactions must at the same time be binding

upon DHS to prevent inconsistencies and disparities between HFS actions or inactions and DHS

policymaking and application and appeals procedures in implementing this Court's ruling if this

Court sees fit to rule in Plaintiff's favor.

**WHEREFORE**, Plaintiff, Rita Miller, prays for a judgment:

a.    Declaring that the lien placed by Defendant Maram, or other individuals or entities

within HFS, on Plaintiff's aforementioned residence was and is invalid.

b.    Ordering Defendant Maram. or other individuals or entities within HFS, to release all

liens on or against Plaintiff's home.

---

[2] 42 U.S.C. § 1396p(a)(1), 1396p(a)(1)(B)(ii), 42 C.F.R. § 433.36, 433.36(d), 433.36(g)(2)(ii)
[3] 305 ILCS § 3-10, 305 ILCS § 5-13.5, 89 Ill.Adm.Code §§ 102.235, and 102.235(e)
[4] Ibid., at no. 2

c.  Ordering Defendant Adams, or other individuals or entities within DHS, to modify the DHS Policy Manual, Workers Action Guide, internal memoranda, and other internal directives to the extent that this Honorable Court finds that they are in irreconcilable conflict with the federal Medicaid statute and the regulations promulgated thereunder.

d.  Awarding to Plaintiff her costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and other provisions of law.

e.  Awarding Ms. Miller such other and further relief as this Court deems just, proper, and necessary.

Respectfully submitted,


*/s/ Steven C. Perlis*
STEVEN C. PERLIS,  Attorney for Plaintiff




STEVEN C. PERLIS
ELDER LAW OFFICE OF STEVEN C. PERLIS & ASSOCIATES, P.C.
3345 N. Arlington Heights Road, Suite D
Arlington Heights, IL 60004-1531
Attorneys' Phone No. 847-818-1138
e-mail:  steve@perliselderlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

STEVEN C. PERLIS, attorney of record for Plaintiff Rita Miller, hereby certifies that he caused a copy of the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** to be served by the Court's ECF/electronic mailing system upon the following:


John E. Huston
Christopher S. Gange
Assistant Attorneys General
160 N. LaSalle Street, Suite N-1000
Chicago, Illinois 60601
Attorneys for Defendant Barry S. Maram
(in his capacity as Director of
the Illinois Department of Healthcare and Family Services)

James A. Lang
Assistant Attorney General
100 W. Randolph St., 13th Floor
Chicago, IL 60601
Attorney for Defendant Carol S. Adams
(in her capacity as Secretary of
the Illinois Department of Human Service)


_____ /s/ Steven C. Perlis _____

## LIST OF EXHIBITS

1. Warranty Deed for 5410 Wilmot Road, McHenry, Illinois

2. Illinois Department of Healthcare and Family Services - Notification of Intent To File A Lien

3. Illinois Department of Healthcare and Family Services – Notification of Lien and Notice and Claim of Lien

4. Illinois Public Aid Code § 3-10 [305 ILCS 5/3-10]

5. Illinois Public Aid Code § 5-13.5 [305 ILCS 5/5-13.5]

6. 89 Illinois Administrative Code § 102.235

7. Department of Human Services WAG (Workers Action Guide) Section 23-09-01-d

8. Social Security Act § 1396p(a) [42 U.S.C. §1396p(a)]

9. 42 C.F.R. § 433.36

# EXHIBIT 1

DOC. No. ........................ 162 for Record in Recorder's Office of McHenry, Illinois ............................., 19 54
at ....11 50 .... o'clock .... M. and duly recorded in Book ........458..... of Records on page ......77....

## WARRANTY DEED -- Joint Tenancy ........................................... Recorder of Deeds

This Indenture Made This ..........2nd............................. day of .........October.........................., 19 54

between ........................JULIUS L. ROEDER and EDITH H. ROEDER, his wife,........................

of the ....Township of McHenry............................. in the County of ...........McHenry........................... and State

of ..............Illinois........................ parties.... of the first part and ........LEROY MILLER and........................

........RITA MILLER, his wife,........................................................

........................................................ of the ........Township of McHenry........................ in the County of

.....McHenry........................ and State of ............Illinois............................................. parties of the second part:

WITNESSETH, That the parties..... of the first part, for and in consideration of the sum of .............................

........................................TEN AND NO/100THS ($10.00)........................ DOLLARS

in hand paid, convey....... and warrant........ to the said parties of the second part, not in tenancy in common, but in
joint tenancy, the following described real estate to-wit: Lots 6, 7 and 10 of the Plat of the West half of
the Southwest Quarter of Section 5, Township 45 North, Range 9 East of the Third Principal Meridian
according to the plat thereof dated June 11, 1858 and recorded in Book 22 of Deeds, page 10, in
McHenry County, Illinois. ALSO
The North half of the North half of the Southeast Quarter of Section 6, Township 45 North,
Range 9 East of the Third Principal Meridian, in McHenry County, Illinois. ALSO
The South half of the North half of the Southeast Quarter of Section 6, Township 45 North,
Range 9 East of the Third Principal Meridian in McHenry County, Illinois. ALSO
That part of the South half of the Southeast Quarter of Section 6, Township 45 North, Range 9
East of the Third Principal Meridian, described as follows: Beginning at the Northeast Corner
of the South half of the Southeast Quarter and running thence South on the Section line, 10
chains; thence West parallel with the North line of said South half of the Southeast Quarter,
10 chains and 50 links; thence North parallel with said Section line, 10 chains to the Eighty
line; thence East along said Eighty line, 10 chains and 50 links to the place of beginning,

situated ........................................... in the County of McHenry, in the State of Illinois,
hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois

TO HAVE AND TO HOLD, the above granted premises unto the said parties of the second part forever, not in
tenancy in common, but in joint tenancy.

IN WITNESS WHEREOF, The said parties..... of the first part have........ hereunto set ....their..............................
hands........ and seal..s.... the day and year first above written.

*Julius L. Roeder* (SEAL)

*Edith H. Roeder* (SEAL)

........................................................ (SEAL)

........................................................ (SEAL)

STATE OF ILLINOIS, } ss.
McHenry County,

I, the undersigned, a Notary Public in and for said County and State aforesaid, DO HEREBY CERTIFY,
That ....Julius L. Roeder and Edith H. Roeder, his wife,........................

personally known to me to be the same person.s. whose name.s... are. subscribed to the foregoing
instrument, appeared before me this day in person and acknowledged that ...they.. signed, sealed and
delivered the said instrument as ........their. free and voluntary act, for the uses and purposes there-
in set forth, including the release and waiver of the right of homestead.
Given under my hand and Notarial Seal, this ....2nd... day of ....October............... A. D. 1954.

*Charles C. Stadtman* Notary Public

(Notary seal: CHARLES C. STADTMAN NOTARY PUBLIC McHENRY COUNTY)

CRYSTAL LAKE HERALD

**EXHIBIT 2**

**iHFS**  Healthcare and
Family Services

**Rod R. Blagojevich, Governor**

Bureau of Collections
Technical Recovery Section
PO Box 19174
Springfield, Illinois 62794-9174

**Telephone:** (217) 785-8711
**TTY:** (800) 526-5812

NOTIFICATION OF INTENT TO FILE A LIEN
06/06/2008

Rita Miller
Hearthstone Manor
920 N Seminary Ave
Woodstock, IL 60098-2996

RE:  91-071-015072

We are writing to advise you that under State Law (305 ILCS 5/3-10 and/or 5/5-13.5), the Illinois Department of Healthcare and Family Services has the right to place a lien on real property you own.  A lien is a legal claim on the real property.  The Department places a lien on real property when:

*    a person receives old age, blind or disability cash assistance; or

*    a person receives old age, blind, or disability medical assistance and, because he or she has lived in one or more medical institutions for at least 120 calendar days, the Department presumes that he or she cannot reasonably be expected to be discharged and return home.

The lien is filed on homestead and non-homestead property.  The amount of the Healthcare and Family Services lien is equal to:

*    the amount of cash assistance paid out in your behalf; or

*    if you live in a medical institution, the amount of medical assistance paid out in your behalf.

Because you have lived in a medical institution for at least 120 days, we presume you cannot reasonably be expected to be discharged and return home. Consequently, we intend to file a lien against your real property.  This does not mean any action to sell your property will occur; rather, it means that if at any time there is a transfer of title to the real property (for example, when the property is sold or mortgaged), the Department will be paid on its lien.

If you do not understand this notice, talk to your caseworker or a person who can explain it to you.  Your local Department of Human Services office telephone number is (815)987-7334.

_Janet L. Steele_
Technical Recovery

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

HFS 3419A (R-7-99)

IL478-2232

Internet http://www.hfs.illinois.gov/

This action will not be taken if you can show that it is wrong. You may meet with a representative from your local DHS office to question this action. This meeting would be informal and you may present information or evidence. You may be represented by the person or persons of your choice. Whether or not you have such a meeting, you will still have the right to appeal the intended action.

## YOU HAVE THE RIGHT TO APPEAL THIS DECISION

At any time within 60 days following the "Date of Notice" which appears on the front of this form, you have the right to appeal this decision and be given a fair hearing. Your appeal request must be in filed in writing or by calling (Toll Free) 1-800-435-0774. At the appeal hearing, you may represent yourself or be represented by anyone else such as a lawyer, relative or friend. Your local DHS office will provide you with an appeal form and will help you fill it out if you wish.

To apply for free legal help:

- In the City of Chicago – Legal Assistance Foundation of Chicago (312)341-1070; Outside the City of Chicago - consult your local telephone directory for the number of the nearest legal services office:
- In Cook County outside the City of Chicago – Cook County Legal Assistance Foundation, Inc.;
- In Northern Illinois – Prairie State Legal Services or West Central Illinois Legal Assistance;
- In Southern Illinois – Land of Lincoln Legal Assistance Foundation, Inc.

**EXHIBIT 3**

05/14/2008  00:04   8474573    TEATON    PAGE  02/05

**iHFS**  **Illinois Department of**
**Healthcare and Family Services**

## NOTIFICATION OF LIEN

91-071-015072

CASE NUMBER

Rita Miller
Hearthstone Manor
920 N Seminary Ave.
Woodstock, IL 60098-2996

RE: LIEN

We are writing to advise you that under State Law (305 ILCS 5/3-10 and/or 5/5-13.5), Healthcare and Family Services must place a lien on real property when:

- a person receives old age, blind, or disability cash assistance; or

- a person receives old age, blind, or disability medical assistance and has lived in one or more medical institutions for at least 120 calendar days.

The lien is filed on homestead property and non-homestead property. The amount of the Healthcare and Family Services lien is equal to:

- the amount of cash assistance the Department pays out in your behalf; or

- the amount of medical assistance paid out in your behalf while you reside in a medical institution.

Healthcare and Family Services has taken the following action:

☒  Filed an initial lien against your real property.

☐  Included in the lien already filed on your real property the amount of medical assistance paid out in your behalf while you reside in a medical institution.

This does not mean any action to sell your real property will occur; rather, it means that if and when the property is sold, Healthcare and Family Services will be paid on its lien.

A copy of the lien filed against your real property is enclosed for your records.

If you have any questions, please contact your local Department of Human Services office.

Jan Steele (SCH)
_____
Local Office Administrator

Local Office Stamp

Mae

* 2 0 0 8 R 0 0 3 4 9 6 3   1 *

**STATE OF ILLINOIS
DEPARTMENT OF
HEALTHCARE AND FAMILY SERVICES**

MCHENRY COUNTY RECORDER
PHYLLIS K. WALTERS

NOTICE AND CLAIM OF LIEN

**2008R0034963**

[X] INITIAL LIEN

06/19/2008  04:30PM   PAGES  1
RECORDING FEE   11.00

[ ] RENEWAL

DATE OF INITIAL LIEN
[          ]

Notice is hereby given that I, Jan Steele, acting in my official capacity as an Authorized Representative of the Bureau of Collections, Technical Recovery Section in the Department of Healthcare and Family Services, and my successors in office, hereby claim and intend to hold a lien on the following described real estate, to-wit:

Lot 1 in Miller Estates of Johnsburg being part of the Northeast Quarter of the Southeast Quarter of Section 6, Township 45 North, Range 9 East of the Third Principal Meridian, in McHenry County, Illinois, according to the Plat thereof recorded February 5, 2004 as document No. 2004R0009585.

Property Address: 5410 Wilmot Rd, McHenry, IL. 60050-8406
PIN: 10-06-426-010

A legal or equitable interest in said described real estate is owned by:
CLIENT NAME: **RITA MILLER**                              CASE ID #:  **91-071-015072**
ADDRESS: Hearthstone Manor, 920 N. Seminary Ave. Woodstock, IL. 60098-2996
This lien is claimed for all assistance paid to or on behalf of said client, under Article III and/or Article V of the Illinois Public Aid Code, and for payments made to preserve the said lien in accordance with statutory provisions.

DATE: 6/6/08           _Jan Steele_
                       AUTHORIZED REPRESENTATIVE, BUREAU OF COLLECTIONS

State of Illinois            )
                            )  SS
County of McHenry           )

PREPARED BY AND RETURN TO:
SUSAN HINTON
Field Consultant - Liens and Estates
1111 ¼ North Avon Street
Rockford, Illinois 61101

I, Tammy I. Harmony, Notary Public do hereby certify that Jan Steele, as an Authorized Representative of the Bureau of Collections, Technical Recovery Section in the Department of Healthcare and Family Services, personally known to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she/he signed the said instrument as required by law, for the uses therein set forth.

OFFICIAL SEAL
**TAMMY I. HARMONY**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-4-2011

(SEAL)

Given under my hand and seal this
6 day of June, A.D. 2008

_Tammy Harmony_
Notary Public

HFS 237  (R-10-2006)

IL478-0208

11.00

**EXHIBIT 4**

305 ILCS 5/3-10

Sec. 3-10. Lien on real property interests. Subject to the provisions of Sections 3-10.1 to 3-10.10, inclusive, the State shall have a lien upon all legal and equitable interests of recipients in real property, whether vested or contingent, including legal and equitable rights and interests of the recipient to coal, gas, oil, iron and other underground mineral resources, for basic maintenance grants paid under this Article, and for payments made to preserve the lien as provided in Section 3-10.5. The lien shall attach to such interests owned or subsequently acquired by persons who were recipients on or after the effective date of this Code, and in respect to which interests a notice of lien has been recorded or filed as provided in Sections 3-10.2 and 3-10.3.

Liens recorded or filed under the provision of Article VIII-A of the 1949 Code for which the period of enforceability has not expired shall not be affected by the enactment of this Code.

(Source: P.A. 88-85.)

**EXHIBIT 5**

305 ILCS 5/5-13.5

     Sec. 5-13.5. Lien on real property interests. The State shall have a lien on all legal and equitable interests of recipients in real property, whether vested or contingent, including legal and equitable rights and interests of the recipient to coal, gas, oil, iron, and other underground mineral resources, for medical assistance paid under this Article and for payments made to preserve the lien, to the extent those liens are allowed under the federal Social Security Act. The lien shall attach to those interests owned or subsequently acquired by persons who were recipients on or after the effective date of this amendatory Act of 1993. The liens shall be recorded and filed and are otherwise subject to all the conditions of Sections 3-10.1 through 3-10.10 of this Code.

(Source: P.A. 88-85; 88-670, eff. 12-2-94.)

**EXHIBIT 6**

**89 Ill. Adm. Code 102.235 Liens on Property of Institutionalized Recipients**

a) Definitions in this Section are as follows:

1) "Institutionalized individual" — individual of any age who is an inpatient in a nursing facility or other medical institution and who must, as a condition of receiving services in the institution, apply his or her income to the cost of care.

2) "Individual's home" — dwelling with adjoining and related real estate which the individual owns and occupies, or when temporarily absent, dwelling in which the individual maintains an intent to return.

3) "Equity interest in the home" — current market value of the home less all encumbrances.

4) "Residing in the home for at least one or two years on a continuous basis" — occupancy of an individual's home by a sibling or child of the individual as a primary place of residence. During the one or two year period, the individual's home address was used by the sibling or child as his or her mailing address or as his or her address used for driver's license or voter registration purposes, and the address remained unchanged.

5) "Discharge from the medical institution and return home" — the attending physician has signed an order for discharge from the medical institution, following which the individual has returned to reside in his or her own home.

6) "Lawfully residing" — use of the property of an individual in a medical institution as the home of a spouse or a minor, blind or disabled child, or a sibling with an ownership interest in the home. Such property must be the spouse's, child's or sibling's mailing address, or his or her address used for driver's license or voter registration purposes.

b) Except as provided in subsection (c) of this Section, the Department shall file a lien on all real property, including the home of a recipient of MANG(A), (B) or (D) who it determines to be permanently institutionalized, that is, cannot reasonably be expected to be discharged and return home from a medical institution.

c) The Department will not file a lien on the home if it is occupied by the permanently institutionalized recipient's spouse, minor or disabled or blind child, or sibling who has an equity interest in the home and has legally resided in it continuously for at least one year immediately before the date the recipient was admitted to a medical institution.

d) There shall be a rebuttable presumption of permanent institutionalization when a recipient has resided for at least 120 calendar days in one or more medical institutions.

1

e)  The Department shall provide the recipient with at least 10 calendar days advance notice of its intention to file a lien on the recipient's real property, based on its determination that the recipient is permanently institutionalized, and of the recipient's right to request and obtain a fair hearing on this determination.

(Source: Amended at 21 Ill. Reg. 619, effective January 1, 1997)

**EXHIBIT 7**

# WAG 23-09-01-d:  Filing and Renewing Lien

## Cash Client

Within 30 days of approving cash or within 30 days of the date the local office becomes aware of real property owned by the client:

1. *(LO)* Send Real Property Record (Form 8) to the DPA Bureau of Collections (BOC) Technical Recovery Section.  Keep a copy in the case file.

2. *(BOC)* Completes the lien filing process.

3. *(BOC)* Completes Notice and Claim of Lien (Form 237).

    a. Files Form 237 with the County Recorder of Deeds.

    b. Sends copy of Form 237 to the local office.

**NOTE:** When the property is located outside the county where the client is living, the lien is filed in the name of the local office administrator of the county where the property is located.

4. *(County Recorder)* Returns one copy of Form 237 to the DPA BOC Technical Recovery Section.

5. *(BOC)* Sends Notification of Lien (Form 3419) to the client within 10 calendar days of receiving Form 237 from the County Recorder.

## Medical Client in a Medical Institution

1. **(LO)** Send completed Form 8 and verifications to the DPA BOC Technical Recovery Section.

    a. Include copies of Assessment of Assets (Form 3190) and Determination of Asset Allowance (Form 3192), if either was completed.

2. *(BOC)* Determines, based on information from Form 8, when a client has resided in a medical institution for at least 120 calendar days.

3. Sends Notification of Intent to File a Lien (Form 3419A) to the client.

4. Completes the lien filing process.

NOTE: Follow AABD Cash client steps 3 through 5.

## Filing Fees

1. (BOC) Pays all fees required to register the lien.

2. (BOC) Adds the amount of the fee to the amount of the lien.

# EXHIBIT 8

TITLE 42--THE PUBLIC HEALTH AND WELFARE

CHAPTER 7--SOCIAL SECURITY

SUBCHAPTER XIX--GRANTS TO STATES FOR MEDICAL ASSISTANCE PROGRAMS

Sec. 1396p. Liens, adjustments and recoveries, and transfers of assets

(a) Imposition of lien against property of an individual on account of medical assistance rendered to him under a State plan

(1) <u>No lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under the State plan,</u> except--
    (A) pursuant to the judgment of a court on account of benefits incorrectly paid on behalf of such individual, or
    (B) in the case of the real property of an individual--
        (i) who is an inpatient in a nursing facility, intermediate care facility for the mentally retarded, or other medical institution, if such individual is required, as a condition of receiving services in such institution under the State plan, to spend for costs of medical care all but a minimal amount of his income required for personal needs, and
        <u>(ii) with respect to whom the State determines, after notice and opportunity for a hearing (in accordance with procedures established by the State), that he cannot reasonably be expected to be discharged from the medical institution and to return home, except as provided in paragraph (2).</u>

(2) No lien may be imposed under paragraph (1)(B) on such individual's home if--
    (A) the spouse of such individual,
    (B) such individual's child who is under age 21, or (with respect to States eligible to participate in the State program established under subchapter XVI of this chapter) is blind or permanently and totally disabled, or (with respect to States which are not eligible to participate in such program) is blind or disabled as defined in section 1382c of this title, or
    (C) a sibling of such individual (who has an equity interest in such home and who was residing in such individual's home for a period of at least one year immediately before the date of the individual's admission to the medical institution), is lawfully residing in such home.

(3) Any lien imposed with respect to an individual pursuant to paragraph (1)(B) shall dissolve upon that individual's discharge from the medical institution and return home.

# EXHIBIT 9

TITLE 42--PUBLIC HEALTH

CHAPTER IV--CENTERS FOR MEDICARE & MEDICAID SERVICES, DEPARTMENT OF HEALTH AND HUMAN SERVICES

PART 433 - STATE FISCAL ADMINISTRATION--Table of Contents

Subpart A.  Federal Matching and General Administration Provisions

Sec. 433.36  Liens and recoveries.

(a) Basis and purpose. This section implements sections 1902(a)(18) and 1917(a) and (b) of the Act, which describe the conditions under which an agency may impose a lien against a recipient's property, and when an agency may make an adjustment or recover funds in satisfaction of the claim against the individual's estate or real property.

(b) Definition of property. For purposes of this section, ``property'' includes the homestead and all other personal and real property in which the recipient has a legal interest.

(c) State plan requirement. If a State chooses to impose a lien against an individual's real property (or as provided in paragraph (g)(1) of this section, personal property), the State plan must provide that the provisions of paragraphs (d) through (i) of this section are met.

(d) Procedures. The State plan must specify the process by which the State will determine that an institutionalized individual cannot reasonably be expected to be discharged from the medical institution and return home as provided in paragraph (g)(2)(ii) of this section. The description of the process must include the type of notice to be given the individual, the process by which the individual will be given the opportunity for a hearing, the hearing procedures, and by whom and on what basis the determination that the individual cannot reasonably be expected to be discharged from the institution will be made. The notice to the individual must explain what is meant by the term lien, and that imposing a lien does not mean that the individual will lose ownership of the home.

(e) Definitions. The State plan must define the following terms used in this section:

(1) Individual's home.

(2) Equity interest in home.

(3) Residing in the home for at least 1 (or 2) year(s).

(4) On a continuing basis.

(5) Discharge from the medical institution and return home.

(6) Lawfully residing.

(f) Exception. The State plan must specify the criteria by which a son or daughter can establish to the agency's satisfaction that he or she has been providing care which permitted the individual to reside at home rather than in an institution, as provided in paragraph (h)(2)(iii)(B) of this section.

(g) Lien provisions--(1) Incorrect payments. The agency may place a lien against an individual's property, both personal and real, before his or her death because of Medicaid claims paid or to be paid on behalf of that individual following a court judgment which determined that benefits were incorrectly paid for that individual.

(2) Correct payments. Except as provided in paragraph (g)(3) of this section, the agency may place a lien against the real property of an individual at any age before his or her death because of Medicaid claims paid or to be paid for that individual when--

(i) An individual is an inpatient of a medical institution and must, as a condition of receiving services in the institution under the State plan, apply his or her income to the cost of care as provided in Sec. Sec. 435.725, 435.832 and 436.832; and

(ii) The agency determines that he or she cannot reasonably be expected to be discharged and return home. The agency must notify the individual of its intention to make that determination and provide an opportunity for a hearing in accordance with State established procedures before the determination is made. The notice to an individual must include an explanation of liens and the effect on an individual's ownership of property.

(3) Restrictions on placing liens. The agency may not place a lien on an individual's home under paragraph (g)(2) of this section if any of the following individuals is lawfully residing in the home:

(i) The spouse;

(ii) The individual's child who is under age 21 or blind or disabled as defined in the State plan; or

(iii) The individual's sibling (who has an equity interest in the home, and who was residing in the individual's home for at least one year immediately before the date the individual was admitted to the medical institution).

(4) Termination of lien. Any lien imposed on an individual's real property under paragraph (g)(2) of this section will dissolve when that individual is discharged from the medical institution and returns home.

(h) Adjustments and recoveries. (1) The agency may make an adjustment or recover funds for Medicaid claims correctly paid for an individual as follows:

(i) From the estate of any individual who was 65 years of age or older when he or she received Medicaid; and

(ii) From the estate or upon sale of the property subject to a lien when the individual is institutionalized as described in paragraph (g)(2) of this section.

(2) The agency may make an adjustment or recovery under paragraph (h)(1) of this section only:

(i) After the death of the individual's surviving spouse; and

(ii) When the individual has no surviving child under age 21 or blind or disabled as defined in the State plan; and

(iii) In the case of liens placed on an individual's home under paragraph (g)(2) of this section, when there is no--

(A) Sibling of the individual residing in the home, who has resided there for at least one year immediately before the date of the individual's admission to the institution, and has resided there on a continuous basis since that time; or

(B) Son or daughter of the individual residing in the home, who has resided there for at least two years immediately before the date of the individual's admission to the institution, has resided there on a continuous basis since that time, and can establish to the agency's satisfaction that he or she has been providing care which permitted the individual to reside at home rather than in an institution.

(i) Prohibition of reduction of money payments. No money payment under another program may be reduced as a means of recovering Medicaid claims incorrectly paid.

[43 FR 45201, Sept. 29, 1978, as amended at 47 FR 43647, Oct. 1, 1982; 47 FR 49847, Nov. 3, 1982]